SMITH, Justice:
Dr. Duff D. Austin and Mrs. Lillian Todd, individually and as executrix under the will of her husband, Dr. Norman W. Todd, deceased, appeal from a decree of the Chancery Court of Newton County awarding appellee, Mrs. Eloise Thornton, certain funds received by First National Bank of Newton under an escrow agreement.
The essential background facts follow:
Mrs. Thornton’s husband, Tom Thornton, owned 56 shares or 56% of the stock, and also was administrator of Medic-Center Hospital, Incorporated. Dr. Austin and Dr. Todd owned the remaining stock of the corporation, 22 shares or 22% each. Doctors Austin and Todd arrived at the conclusion that they could no longer continue their association with Thornton in the operation of the hospital. A buy-sell agreement was worked out between Doctors Austin and Todd on the one hand and Thornton on the other. This resulted in the sale of Thornton’s stock to Doctors Austin and Todd for $4.90 per share for the 56 shares owned by Thornton.
Before final conclusion of the transaction, however, it was discovered by the purchasers that there were certain discrepancies and irregularities in the accounts of Thornton as administrator of the hospital. In the light of this, an escrow agreement was prepared and executed by Doctors Austin and Todd and by Thornton, whereby the purchase price of the stock would not be paid to Thornton but would be paid into an escrow fund to be held by First National Bank. The relevant pro-tions of the agreement follow:
4. Bank has agreed to hold the funds remaining in its hands as an escrow agent and to pay either to Thornton or to Medic-Center Hospital, Inc.:
(a) Such sums as the parties to this instrument may designate in writing to Bank, or
(b) Such sums as a court of final jurisdiction may direct be paid to Thornton and/or to Medic-Center Hospital, Inc.
5. In determining the liability, if any, of Thornton to said hospital for any acts heretofore done by him, the amount due by hospital to Thornton as shown by its books shall not be considered inasmuch as the hospital is also indebted to Doctors; and the amounts due to Thornton and to Doctors by said hospital are not to be considered in any determination either by the parties or by any court but shall be paid by the hospital only when and as the hospital is financially able to make said payments.
Doctors Austin and Todd duly paid into the escrow fund under the agreement the full purchase price of the 56 shares of stock owned by Thornton whereupon Thornton endorsed the stock certificates and delivered them to Doctors Austin and Todd. Doctors Austin and Todd thus became owners of all of the outstanding capital stock of Medic-Center Hospital, Inc.
The First National Bank, as escrow agent, first paid itself from the funds so received the sum of $4,655.00 to cover a personal note of Thornton’s due the bank, which left a balance in the escrow account of $9,065.00.
The present litigation, begun by Mrs. Thornton to whom Thornton had assigned his claim to the funds, sought to compel the bank to pay the escrow funds to her.
Appellants and the bank were made defendants and answered denying that Mrs. Todd had any right to the funds or had any interest therein and by cross-bill asserted that the funds had been due the hospital by Thornton, and that they, as successors in title to the hospital, were the owners thereof.
*446 Prior to the trial, First National Bank of Newton interpled the funds, to be disposed of according to such final decree as might be entered by the court.
In addition to other evidence given at the trial, the record discloses a stipulation, entered into by the parties, which showed in detail that Thornton had, in fact, converted to his personal use funds of the hospital in a total sum exceeding $11,000. Thornton did not testify.
It appears from the record that Medic-Center Hospital, Inc. had assigned its claim to the funds to Doctors Austin and Todd. Dr. Todd having died meanwhile, his widow, Mrs. Lillian Todd, individually and as executrix of his will, succeeded to his rights with respect to the escrow funds. The question, therefore, resolved itself into whether, in the circumstances appearing in the record, including the stipulation as to Thornton’s misappropriation of hospital funds, Mrs. Thornton, as Thornton’s as-signee, or appellees, under the hospital’s assignment, were entitled to the escrow funds.
The case having been tried, the chancellor reached the conclusion that the misappropriation of hospital funds by Thornton did not preclude Mrs. Thornton’s claim to the funds as his assignee. We think this was error. The only reasonable construction of the escrow agreement, especially when considered in the context of the circumstances, is that it was made for the purpose of providing a means for withholding the purchase price of the stock from Thornton until it could be determined whether he had wrongfully appropriated hospital funds to his personal use which he was obligated to repay, and if so, to insure that the amount so converted would be repaid to the hospital out of the escrow funds. No other reasonable explanation or construction appears possible.
It is not disputed, and in fact it is stipulated by the parties, that Thornton in fact had converted to his personal use more than $11,000 of hospital funds. The stipulation admits of no conclusion but that “the liability of Thornton” to the hospital was in that sum. It appears to be beyond question that it was the purpose and intention of the parties in executing the agreement and in setting up the escrow account that it should go to the hospital, insofar as it would extend, to repay “the liability of Thornton” to the hospital, if any. If it had developed that Thornton had no such •liability to the hospital, he would have been entitled to the money, but this was not the case.
The chancellor was in error in awarding the escrow funds to Mrs. Thornton as as-signee of Thornton. Thornton, having entered into the escrow agreement, was not in a position to give away the funds to his wife. It was necessary that “he be just before being generous.” The conclusion reached will, in its ultimate effect, result in Thornton’s receiving credit on the liability which he had incurred to the hospital by his conversion of its funds. Appellants are entitled to the escrow funds under the assignment from Medic-Center Hospital, Inc., Mrs. Todd having succeeded to the rights of her deceased husband with respect thereto.
The decree appealed from is reversed and a decree is entered here awarding the escrow funds to appellants.
Reversed and decree here for appellants.
RODGERS, P. J., and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.